IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2016

## STATE OF TENNESSEE v. KEVIN O'DONNELL STONE

**Direct Appeal from the Circuit Court for Robertson County**
**Nos. 2011-CR-486, 2011-CR-103, 2013-CR-528, 2013-CR-530, 2013-CR-531, and**
**2014-CR-281      William R. Goodman, III, Judge**

---

**No. M2015-01874-CCA-R3-CD – Filed June 28, 2016**

---

In 2015, the Defendant, Kevin O'Donnell Stone, pleaded guilty to violating his probation in case numbers 2011-CR-486 and 2011-CR-103 and to possession of cocaine in case number 2013-CR-528. The trial court revoked the Defendant's probation and ordered him to serve the balance of his three-year sentence in confinement. The trial court also sentenced the Defendant to a concurrent sentence of five years of incarceration for the possession of cocaine conviction. On appeal, the Defendant contends that the trial court erred when it ordered him to serve his sentences in confinement instead of ordering an alternative sentence. After a thorough review of the record and the applicable authorities, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Kevin O'Donnell Stone.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

On April 27, 2012, the Defendant pleaded guilty in case numbers 2011-CR-486 and 2011-CR-103 to sale of a Schedule II substance and facilitation of the sale of a Schedule II substance, and the trial court sentenced him to three years of probation. In 2013, the Defendant was indicted for three counts of sale and delivery of a Schedule II substance in case numbers 2013-CR-528, 2013-CR-530, and 2013-CR-531. On August 30, 2013, the Defendant's probation officer filed a probation violation report alleging that the Defendant had violated his probation in case numbers 2011-CR-486 and 2011-CR-103. The trial court issued a probation violation warrant that same day. In 2014, the Defendant was indicted in case number 2014-CR-281 for possession of a Schedule II substance with intent to sell and deliver; an amended probation violation report was filed.

On July 13, 2015, the Defendant pleaded guilty in case number 2013-CR-528 to possession of cocaine, agreeing to allow the trial court to determine the manner of service of his sentence. The trial court dismissed the remaining indictments from 2013. The Defendant waived his right to a probation violation hearing in case numbers 2011-CR-486 and 2011-CR-103 and admitted that he had violated the terms of his probation. At the guilty plea submission hearing, the State offered the following recitation of the facts in support of the trial court's acceptance of the guilty plea:

> [T]he proof would show that narcotics officers set up – used a [confidential informant] . . . [who] was given buy money and . . . went to . . . Park Circle and went up to [the Defendant] and you can clearly see [the Defendant] on the video and [he] did buy one pill from him, Your Honor.

By agreement of the parties, the disposition for the violation of probation was to be determined at the sentencing hearing for the cocaine conviction. At the sentencing hearing, the presentence report and certified copies of the Defendant's prior convictions for possession of a Schedule II substance, assault, reckless endangerment, evading arrest, resisting arrest, and simple possession were admitted into evidence. The parties presented the following evidence: Angela Vaughn, a probation officer in Robertson County, testified that she was assigned to the Defendant's case on April 27, 2012. She stated that the Defendant was on probation when he committed the offenses in 2013. She testified that the Defendant failed to report his 2014 charges to her and that he was later arrested in Florida on those charges. She stated that the Defendant did not have permission to go to Florida and that she had no knowledge of his leaving Tennessee. Ms. Vaughn testified that the Defendant posted bond on those charges in July of 2015 and, while he reported to her a couple of times, he failed to report on several occasions. She recalled that the Defendant failed a drug screen in July of 2015 and that he admitted to using drugs.

The Defendant testified that he was on social security disability. He stated that he was

2

"clean" and would be willing to submit to a drug screen that day. He agreed that he had "quite a few" prior misdemeanors. He testified that he was living with family. The Defendant stated that he did not know he was not allowed to leave the state when he traveled to Florida while on probation and that he only went for four days. He testified that the positive drug screen was because he had smoked marijuana at a time he thought he was no longer serving probation. He stated that he understood that, if placed on probation in the present case, he would have to obey the court's rules, and he said he was willing to follow the terms of probation. The Defendant stated that he had a learning disability and had dropped out of school in the eighth grade.

After considering this evidence, the trial court stated that it had considered the ramifications of ordering the Defendant to serve his sentence in confinement, particularly that he would lose his disability benefits. The trial court also stated that it was considering the Defendant's prior convictions involving narcotics. The trial court went on to say:

> We move on to [T.C.A. §] 40-35-103. The statute provides where . . . sentences involving confinement should be based on the following considerations: A, confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct. The Court finds that the criminal conduct [in this case] involves matters other than just simply felonies. That confinement is, in fact, as set forth in subsection B, necessary to avoid depreciating the seriousness of the offense. Therefore, the Court finds in this instance we are going to have to have confinement.
>
> We next look at the mitigating and enhancement factors. The question arises is whether [the Defendant's] mental condition falls under [T.C.A. §] 45-35-113, subsection three as a ground tending to excuse [the Defendant's] criminal conduct though failing to establish an offense. The Court find that his completing the eighth grade . . . does not excuse or justify his behavior.
>
> . . .
>
> We next move on to the enhancement factors. Number one: . . . [The Defendant], before sentencing, has failed to comply with the conditions of a sentence involving release into the community. . . . Judge Jones back in . . . 2012, afforded [the Defendant] that opportunity [to be on probation]. Furthermore, the Court does find under [T.C.A. §] 40-35-114 subsection 13 also is applicable.
>
> Therefore, it's the finding of the Court that pursuant to the agreement

3

reached in this case this sentence will run concurrent with the . . . probation violation in [case numbers 2011-CR-486 and 2011-CR-103] . . . the Court finds [the Defendant has] violated the terms of his probation, probation is revoked, he's ordered to serve the . . . remaining balance of his sentence on the violation of probation.

On the subject of the case before us today, [case number] 2013-CR-528, in consideration of the enhancement factors, the failure to qualify for the mitigating factors the Court orders the [Defendant] to serve a term of five-years as a range one standard offender at 30 percent. He'll receive credit for the pretrial incarceration.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it ordered him to serve his sentences in confinement because the trial court failed to consider alternative sentencing such as Community Corrections. He contends that the case should be remanded for the trial court to consider an alternative sentence or to set forth factual findings to show that an alternative sentence was considered. The State responds that the trial court found that confinement was necessary and that the Defendant had failed to comply with prior conditions of an alternative sentence. The State further asserts that the Defendant's criminal history was sufficient justification for the trial court to deny his request for an alternative sentence. We agree with the State.

"Sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id*. at 554-55; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id*. at 707. The defendant bears

4

"[t]he burden of demonstrating that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210(c) (2014). The trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* T.C.A. §40-35-210 (2014); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2014).

Regarding the possession of cocaine conviction, the trial court found that serving the sentence in confinement was necessary to avoid depreciating the seriousness of the Defendant's offense. The trial court stated that the Defendant's previous attempts to comply with alternative sentences had failed, specifically that he had failed to comply with his prior probationary sentences. The trial court then applied enhancement factor (1), that the Defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range. T.C.A. § 40-35-114(1) (2014). We conclude that the trial court did not err when it ordered the Defendant to serve his sentence in confinement, and that the Defendant's within range sentence is consistent with the purposes set out in the Sentencing Act.

As to the revocation of probation in case numbers 2011-CR-486 and 2011-CR-103,

5

we review this decision for an abuse of discretion. *See State v. Eric O. Turner*, No. M2014-00597-CCA-R3-CD, 2015 WL 3563053, at *8 (Tenn. Crim. App., at Nashville, June 9, 2015), *no perm. app. filed*. "This court has repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *Id.* (citations omitted). There is no requirement that the trial court consider other sentencing options when revoking a defendant's probation. *Id.* (citation omitted). After finding that the Defendant had violated the terms of his probation by being arrested and indicted in case number 2013-CR-528, the trial court did not abuse its discretion when it ordered the Defendant to serve his original sentence. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE

6